UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANN CASH,                                        Case No. 3:13-cv-73

      Plaintiff,                              District Judge Walter Herbert. Rice
vs.                                              Magistrate Judge Michael J. Newman

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's opposition to Plaintiff's Statement of Errors (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A.     Procedural History

Plaintiff filed for DIB and SSI on November 16, 2010 alleging a disability onset date of September 30, 2002.  PageID 224-36.  Plaintiff suffers from a number of impairments including, among others, degenerative disc disease and internal arrangement in her right knee, a history of endometriosis, major depressive disorder, and posttraumatic stress disorder.  PageID 285.

After initial denial of her claims, Plaintiff received a hearing before ALJ David A. Redmond on May 22, 2012.  PageID 63-93.  The ALJ issued a written decision on June 29, 2012 finding Plaintiff not disabled.  PageID 45-57.  Specifically, the ALJ's findings were as follows:

1.    The claimant meets the insured status requirements of the Social Security Act through September 30, 2008.

2.    The claimant did not engage in substantial gainful activity (SGA) after October 2007 (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3.    However, there were 12-month periods after the alleged onset date, both before 2007 and after October 2007 during which the claimant did not engage in substantial gainful activity. The remaining findings address the periods before 2007 and since October 2007 during which the claimant did not engage in substantial gainful activity.

4.    The claimant has the following severe impairments: degenerative disc disease (DJD) and internal arrangement in her right knee, a history of endometriosis, a history of asthma, major depressive disorder, posttraumatic stress disorder, and personality disorder (20 CFR 404.1520(c) and 416.920(c)).

5.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

6.    After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity [("RFC")] to perform

light work[4] as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following restrictions and limitations: She must work in a clean-air and temperature controlled environment. She is limited to simple tasks featuring no more than occasional personal contact and no production quotas.

7.    The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8.    The claimant was born [in] 1968, and was 34 years old, which defined her as a younger individual, age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

9.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills  (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11.    Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

12.    The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2002, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 50-57.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 34-36.

---

4 The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    **B.**    **Evidence of Record**

    The ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 48-57.  Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the evidence of record.  Doc. 10 at PageID 974-83.  The Commissioner's memorandum in opposition refers the Court to the ALJ's recitation of relevant evidence and offers no objections to Plaintiff's statement of facts.  Doc. 12 at PageID 998.  Accordingly, except as otherwise stated in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.  Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

    **A.  Standard of Review**

    The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

    Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. Id.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

>     5.     Assuming the claimant can no longer perform his or her past relevant
>            work -- and also considering the claimant's age, education, past work
>            experience, and RFC -- do significant numbers of other jobs exist in
>            the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818

(S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is disabled

under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th

Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred: (A) in assessing her

activities of daily living[5] when determining the limiting effects of her symptoms on her ability to

do basic work activities; and (B) in omitting certain limitations from her RFC.[6]  Having carefully

reviewed the voluminous administrative record and the arguments presented in the parties'

---

[5] "Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain" or other symptoms.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted).  "First, the ALJ will ask whether . . . there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms." *Id.* (citation omitted).  Second, where, as here, "the ALJ finds that such an impairment exists, then he [or she] must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id.* (citations omitted); *see also* SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).  In considering the second part of the analysis, an ALJ must consider a number of "[r]elevant factors," including the claimant's daily activities. 20 C.F.R. § 404.1529(c)(3); *see also Rogers*, 486 F.3d at 247.  Credibility comes into question when a claimant's "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence[.]" *Id.*  To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id.*  To that end, "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'" and such determinations "must find support in the record." *Id.*  This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

[6] Notably, Plaintiff does not argue that the ALJ failed to follow Social Security regulations in analyzing the weight accorded the opinions of medical sources.  By failing to present this argument in her Statement of Errors, the undersigned concludes that any such argument is waived.  *See Dyamond v. Comm'r of Soc. Sec.*, No. 3:13-cv-117, 2014 WL 294464, at *2 (S.D. Ohio Jan. 27, 2014) (stating that "[f]ailure to raise an issue in the Statement of Errors constitutes waiver of any additional claim") (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001)).

6

briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately considered Plaintiff's symptoms and pain allegations, reasonably determined she was not fully credible, and appropriately determined her RFC. Thus, as more fully explained herein, the undersigned finds the ALJ's decision supported by substantial evidence and recommends that the Court affirm the ALJ's non-disability finding.

**A.     Symptom and Credibility Assessment**

Plaintiff first argues that the ALJ erred in assessing the extent to which her activities of daily living were restricted. In this regard, Plaintiff contends the ALJ erred by relying on the report of Jerry Flexman, M.D., who -- as determined by the ALJ -- described "a wide and normal range of activities of daily living [Plaintiff engaged in], including significant household chores, driving, shopping, using computers, engaging in activities with her children, playing games and video games, going to garage sales, going to parks, going on dates, visiting friends and family, and going out to eat." PageID 53-54. According to the ALJ, the activities documented by Dr. Flexman set forth "a much greater range of activities of daily living than [Plaintiff] admitted to at the hearing, even though her admitted activities were not severely restricted." PageID 54. Essentially, Plaintiff argues that the ALJ's conclusion regarding the extent of her daily activities -- *i.e.*, that she was not severely restricted -- is contrary to "every piece of substantive evidence before the ALJ excluding the Flexman report." Doc. 10 at PageID 989.

Contrary to Plaintiff's apparent contention, however, the ALJ's consideration of Plaintiff's daily activities did not focus solely upon Dr. Flexman's report. Instead, the ALJ -- relying on the opinion of evaluating psychologist John Waddell, Ph.D. -- concluded that Plaintiff's mental impairments impose only mild limitations on her activities of daily living.

Page 51-52; *see also* PageID 142 (finding Plaintiff only mildly restricted in "[a]ctivities of [d]aily [l]iving"). The ALJ simply noted that Dr. Flexman's report "supported" Dr. Waddell's opinion. PageID 52. Plaintiff offers no argument that the ALJ improperly relied upon Dr. Waddell's opinions in this regard.[7] Accordingly, the ALJ's finding -- that Plaintiff's daily activities were only mildly restricted -- is supported by substantial evidence in the record and Plaintiff's first assignment of error should be overruled.[8]

## B. RFC Assessment

In her second assignment of error, Plaintiff argues that the ALJ's exclusion of certain restrictions from her RFC amounts to reversible error. Specifically, Dr. Waddell concluded that Plaintiff was "moderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." PageID 144-45. In that respect, Dr. Waddell stated that Plaintiff is only "able to do a variety of routine tasks in settings without stressors of strict time and production demands." *Id.* Dr. Waddell also concluded that Plaintiff required "no more than superficial social interaction" and "can perform tasks that require infrequent changes, no strict production quota[s], and static responsibilities." PageID 145.

Plaintiff argues that, while the ALJ gave "significant weight" to Dr. Waddell's opinions, the ALJ failed to include all of the limitations found by Dr. Waddell in her RFC. Doc. 10 at

---

[7] Insofar as Plaintiff argues that the ALJ improperly considered "her denial that she reported those activities to Dr. Flexman" in assessing her credibility, the undersigned finds no such error. It is wholly appropriate for an ALJ to consider inconsistencies in a claimant's own statements in the record when assessing that claimant's credibility. *See Rogers*, 486 F.3d at 248 (stating that "[c]onsistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect").

[8] "'[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]' the Court must give deference to ALJ's decision if it is supported by substantial evidence. *Blakley*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).

8

PageID 990.  However, the undersigned concludes that the RFC determined by the ALJ -- which limits Plaintiff to "simple tasks featuring no more than occasional personal contact and no production quotas" -- adequately accounts for each limitation determined by Dr. Waddell, albeit without incorporating the specific words used by Dr. Waddell.  PageID 52, 144-45.  Plaintiff simply focuses on the absence of Dr. Waddell's exact phrasing in the ALJ's RFC determination without making any argument as to how the limitations determined by the ALJ differ in any substantive respect to the limitations reported by Dr. Waddell.  Doc. 10 at PageID 991.

Next, Plaintiff argues that, despite having found that she suffers from endometriosis and degenerative conditions in her right knee, the ALJ committed reversible error by failing to identify specific work limitations associated with those severe conditions.  Doc. 10 at PageID 991.  However, "there is no legal requirement for a specific limitation to be included in a hypothetical RFC in order to represent every 'severe' impairment."  *Shearman v. Comm'r of Soc. Sec.*, No. 1:12-cv-760, 2013 WL 6578770, *3 (S.D. Ohio Dec. 16, 2013) (citing *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862, at *5 (S.D. Ohio 2012); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. Feb. 7, 2007)).  Plaintiff points to no evidence in the record -- aside from her own testimony that the ALJ reasonably found not fully credible -- that supports any work related limitation arising from her endometriosis and/or right knee impairment.

Accordingly, the ALJ's RFC determination is found supported by substantial evidence, and Plaintiff's second assignment of error should be overruled.

**IV.**

**IT IS THEREFORE RECOMMENDED THAT**:

1.      The Commissioner's non-disability finding be found supported by substantial

evidence, and **AFFIRMED**; and

2.      This case be **CLOSED** on the docket of this Court.


Date:   August 26, 2014                        *s/ Michael J. Newman*
                                               Michael J. Newman
                                               United States Magistrate Judge

10

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).