IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANN CASH,

      Plaintiff,                                  Case No.: 3:13-cv-73

vs.

COMMISSIONER OF                            District Judge Walter H. Rice
SOCIAL SECURITY,                            Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT ("EAJA") (DOC. 18) BE DENIED AS MOOT; (2) THE PARTIES' JOINT STIPULATION FOR EAJA FEES (DOC. 20) BE APPROVED; AND (3) PLAINTIFF BE AWARDED EAJA FEES IN THE AMOUNT OF $5,500.00**

---

       This Social Security disability benefits appeal is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 18), and the parties' subsequently filed joint stipulation agreeing that Plaintiff be awarded EAJA fees in the amount of $5,500.00. Doc. 20. The Court has carefully reviewed these documents and they are now ripe for the Court's consideration.

       EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

Judge Rice previously found the ALJ's non-disability finding unsupported by substantial evidence and remanded this case to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings. Doc. 16. Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes and, therefore, is entitled to an award of attorney's fees under EAJA. *See Shalala*, 509 U.S. at 301-02.

Plaintiff's counsel advises the Court that he worked 32.75 hours on this case. Doc. 18 at PageID 1050. At the stipulated amount of $5,500.00, this calculates as $167.94 per hour -- an hourly rate not challenged by the Commissioner. Having reviewed the time sheet entries submitted by Plaintiff's counsel and considering the nature of the work counsel performed in this case, the Court finds both the hourly fee and the time expended reasonable. *Compare Kash v. Comm'r of Soc. Sec.*, No. 3:11-CV-44, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (finding an hourly rate of $176.36 reasonable in an EAJA fee application). Accordingly, the undersigned concludes that Plaintiff is entitled to an EAJA fees award in the amount of $5,500.00.

### III.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. The parties' joint, unopposed stipulation for an EAJA fee award (doc. 20) be **APPROVED**;

2. Plaintiff be **GRANTED AND AWARDED** the sum of $5,500.00 in EAJA fees, as stipulated by the parties;

3. Plaintiff's motion for an EAJA fee award (doc. 18) be **DENIED AS MOOT**; and

4. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

Date:  January 14, 2015                    *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge

Case: 3:13-cv-00073-WHR-MJN Doc #: 21 Filed: 01/14/15 Page: 3 of 4  PAGEID #: 1079

-3-

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).